UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANE MATTHEW WISECUP,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 19-cv-13717
Hon. Matthew F. Leitman

**<u>ORDER (1) SUSTAINING DEFENDANT'S OBJECTION (ECF No. 14) TO REPORT AND RECOMMENDATION (ECF No. 13); (2) ADOPTING IN PART RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 13); (3) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 10); AND (4) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 11)</u>**

In this action, Plaintiff Shane Wisecup challenges the termination of his disability insurance benefits. (*See* Compl., ECF No. 1.) Both Wisecup and Defendant Commissioner of Social Security filed motions for summary judgment. (*See* Mots., ECF Nos. 10, 11.) The assigned Magistrate Judge has issued a Report and Recommendation in which he recommended that the Court grant Wisecup's motion, deny the Commissioner's motion, and remand this action for an award of benefits. (the "R&R"). (*See* R&R, ECF No. 13).

1

The Commissioner has now filed timely objections to the R&R (the "Objections"). (*See* Objections, ECF No. 14.) The Commissioner "does not contest the finding that he has not met his burden to prove that [Wisecup's] condition has improved to the degree that he can work full time." (*Id.*, PageID.920.) Instead, the Commissioner "objects only to the remedy recommended in this case." (*Id.*) More specifically, the Commissioner argues that Wisecup is not yet entitled to an award of benefits because "there are factual issues left to be resolved" by the Commissioner on remand. (*Id.*) The Court agrees. Therefore, for the reasons explained below, the Court **SUSTAINS** the Commissioner's Objections and **REMANDS** this action for further administrative proceedings consistent with this Order.

**I**

**A**

On February 24, 2012, Wisecup applied for disability insurance benefits under the Social Security Act. (*See* ECF No. 6-5, PageID.209.) Wisecup said that he was disabled and entitled to benefits due to an unrepaired abdominal fistula and chronic pain and weakness that were caused by a previous cancer surgery.[1] (*See* ECF No. 6-6, PageID.257.) The Social Security Administration initially found Wisecup to be disabled, and it awarded him benefits. (*See* ECF No. 6-2, PageID.39.) However, on

---

[1] As the Magistrate Judge explained, an abdominal fistula is "an abnormal opening in the stomach or intestines that allows the contents to leak." (R&R, ECF No. 13, PageID.891 n.2.)

2

September 19, 2016, it determined that Wisecup was no longer disabled, and it discontinued his disability benefits as of that date. (*See id.*)

After the Social Security Administration terminated Wisecup's benefits, he sought a hearing on that decision before an Administrative Law Judge (the "ALJ"). Both Wisecup and a vocational expert testified at the hearing. (*See* ALJ Hr'g Tr., ECF No. 6-2, PageID.59-104.)  At the hearing, Wisecup testified that his abdominal fistula rendered him unable to work, and he explained that due to several ongoing medical conditions, including kidney stones and malnutrition, he had not been able to have the fistula surgically repaired. (*See id.*)

On June 19, 2019, the ALJ issued a written decision concluding that Wisecup was not entitled to benefits because his disability "ended on September 10, 2016." (ALJ Decision, ECF No. 6-2, PageID.52.)  Two aspects of the ALJ's ruling are relevant to this action. First, while the ALJ acknowledged that Wisecup's "cancer and treatment left him with a fistula and compromised abdominal wall" and that "surgery was needed to repair" the fistula, she questioned why Wisecup had not had that surgery. (*Id.*, PageID.47.)  And she concluded that because Wisecup had not had the fistula surgically repaired, Wisecup's "allegations regarding all of his symptoms [were] not fully supported." (*Id.*)  The ALJ insisted that she could not "ignore that there [was] a surgical procedure that could resolve [Wisecup's] problems; yet the surgery [had] never [been] done for reasons unknown from the record." (*Id.*,

3

PageID.49.) Second, the ALJ discounted the opinions of Wisecup's treating physicians – who had opined that Wisecup's abdominal fistula and other medical conditions rendered him unable to work – and determined that "[t]he medical evidence support[ted] a finding that, by September 10, 2016, there had been a decrease in the medical severity of [Wisecup's] impairments." (*Id.*, PageID.43; *see also id.*, PageID.48-49.) The ALJ therefore concluded that Wisecup "was capable of making a successful adjustment to work that existed in significant numbers in the national economy." (*Id.*, PageID.43-44, 51.)

Wisecup thereafter appealed the ALJ's ruling to the Appeals Council, and that council denied review. (*See id.*, PageID.22.)

B

On December 18, 2019, Wisecup timely filed this action seeking judicial review of the administrative decision terminating his disability benefits. (*See* Compl., ECF No. 1.) Wisecup and the Commissioner then filed cross-motions for summary judgment. (*See* Wisecup Mot., ECF No. 10; Comm'r Mot., ECF No. 11.) Wisecup asserted in his motion that the ALJ's decision was "not supported by substantial evidence in the record and was not made pursuant to the proper legal standards." (Wiscup Mot., ECF No. 10, PageID.845.) First, Wisecup argued that the ALJ failed to give appropriate weight to the opinions of his treating physicians that he was unable to work because of his abdominal fistula and other medical conditions.

4

(*See id.*, PageID.846-851.) Second, Wisecup maintained that the ALJ erred when she concluded that the record did not clearly establish why he had not had surgery to repair the fistula. (*See id.*, PageID.851-853.) He insisted that the ALJ "simply ignored all of the [] evidence of record that [Wisecup's] failure to gain weight was one of the main reasons abdominal wall surgery had not been performed." (*Id.*)

The assigned Magistrate Judge agreed with Wisecup on both issues. On February 10, 2021, he issued a report and recommendation in which he recommended that the Court (1) grant Wisecup's motion, (2) deny the Commissioner's motion, and (3) remand this action to the Commissioner for an award of benefits. (*See* R&R, ECF No. 13.) The Magistrate Judge first concluded that that "the ALJ's finding that the record was 'unclear' as to the delay in the fistula repair … [was] not supported by the record" and was "problematic for multiple reasons." (*Id.*, PageID.909, 916-917.) Next, the Magistrate Judge determined that "the ALJ's analysis fell well short of [the] rules for considering treating opinions." (*Id.*, PageID.916.) And he pointed out that the ALJ ignored the "uncontested [facts] that [Wisecup] continued to experience post-surgical complications of an open hole in his intestine (seeping with even moderate activity), painful digestion, weakness, anemia, and the inability to reach a normal weight." (*Id.*) For all of these reasons, the Magistrate Judge was "unable to discern any support for the ALJ's finding that [Wisecup's] disability ended on September 10, 2016." (*Id.*, PageID.917.) He

5

therefore recommended that the action be "remanded for an award of continuing benefits." (*Id.*, PageID.917.)

## C

The Commissioner filed his Objections to the R&R on February 22, 2021. (*See* Objections, ECF No. 14.) As described above, the Commissioner agrees with the Magistrate Judge's conclusion that the ALJ made several errors when reviewing Wisecup's claim for benefits. (*See, e.g., id.* at PageID.920, 925-926.) Indeed, the Commissioner candidly acknowledges that "under the circumstances of this case, the ALJ should have further considered the possible reasons [that Wisecup] had not had surgery [before] determin[ing] whether to resolve this issue in [Wisecup's] favor or against him." (*Id.*, PageID.926.) The Commissioner also "does not contest the finding that he has not met his burden to prove that [Wisecup's] condition has improved to the degree that he can work full-time." (*Id.*, PageID.920.) Finally, the Commissioner did not object to the Magistrate Judge's conclusion that the ALJ had improperly applied the treating physician rule. But the Commissioner does object to the Magistrate Judge's recommendation that the Court remand this action for an immediate award of benefits. According to the Commissioner, further factual development is needed before Wisecup may be entitled to benefits:

> [T]he ALJ's error in resolving the question of surgery against [Wisecup] only shows that her decision should not be affirmed – it does not automatically entitle Plaintiff to benefits. The reason(s) [Wisecup] had not had surgery,

6

> and the question of whether he could have had surgery, are factual questions that remain unresolved. And these questions are central to the resolution of this case.

(*Id.*, PageID.926.)

## II

Everyone – Wisecup, the Commissioner, the Magistrate Judge, and this Court – agrees that the ALJ made very serious errors in this case and that the Commissioner has failed to show that Wisecup is currently able to work full time. The only question that remains is whether Wisecup is entitled to an immediate award of benefits or whether this matter requires additional factual development before an award of benefits can be entered. When answering this question, a court may "reverse [an ALJ's] decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) (emphasis added).

Here, there is a substantial amount of evidence – explained in great detail by the Magistrate Judge (*see* R&R, ECF No. 13, PageID.897-900, 908-911) – supporting Wisecup's contention that (1) his abdominal fistula renders him disabled and unable to work and (2) his myriad medical conditions have prevented, and continue to prevent, him from having surgery to repair the fistula. It does not appear that Wisecup's kidney stones and malnutrition are the kinds of conditions that would

7

resolve quickly, and it seems likely that the conditions did prevent him from having the necessary surgery.

However, as the Commissioner points out, there some gaps and inconsistencies in the medical record, including those that relate to the key question of why Wisecup has not had surgery to repair his abdominal fistula. For example, on April 9, 2019, Wisecup's treating physician Dr. Michael McPhee opined that because Wisecup "suffers from malnutrition …. [a]ttempting surgical repair of [the abdominal fistula] would be a daunting proposition." (Dr. McPhee Ltr., ECF No. 6-8, PageID.816.) Dr. McPhee therefore concluded that the "[r]isks [of surgery] outweigh[ed] the benefits." (*Id.*) But a month earlier, when Wisecup was seen for an evaluation of his fistula, he "[a]ppear[ed] well-developed and well-nourished," he was not "in distress," and he "denie[d]" suffering from "weight loss." (Medical Records, ECF No. 6-8, PageID.819.) In addition, Wisecup testified that at the hearing before the ALJ that Dr. McPhee had told him that "until [he could] get [his] kidney stone problem sorted out, [Dr. McPhee was] not comfortable with doing much more surgically." (ALJ Hearing Tr., ECF No. 6-2, PageID.71-72.) But Dr. McPhee's April 9, 2019, letter never mentioned kidney stones as a barrier to Wisecup having surgery. (*See* Dr. McPhee Ltr., ECF No. 6-8, PageID.816.) Finally, there is a large gap in the medical record now before the Court – there do not appear to be any medical records from between January 2018 and March 2019 except for a

8

single letter from a certified nurse practitioner in May 2018 that indicated that Wisecup's weight was "up" to 128 pounds (ECF No. 6-8, PageID.814) – and thus it is not clear whether Wisecup could have had surgery during that time period.

On this record, the Court cannot now say as a matter of law that Wisecup is entitled to an immediate award of benefits on the basis the he could not have had surgery to repair his abdominal fistula. Thus, a remand is required. On remand, the Commissioner and/or the ALJ shall thoroughly review all of Wisecup's medical records. As the Commissioner acknowledges (*see* Objections, ECF No. 14, PageID.926-927), it seems that such a review will require contacting Wisecup's treating physicians to inquire about why the surgery has not been performed. *See* 20 C.F.R. § 404.1520b(b) (noting that an ALJ to authorized to "recontact" an applicant's treating physician to obtain additional medical evidence). The Court has every reason to believe that upon this review, the ALJ and/or the Commissioner will determine that Wisecup is entitled to benefits because his medical conditions would not allow him to undergo surgery and because without the surgery, he is unable to work. But the Court simply cannot make that determination now as a matter of law. Meanwhile, as the Commissioner represented in his Objections, Wisecup shall continue to receive benefits while his case proceeds on remand. (*See* Objections, ECF No. 14, PageID.931-932.)

9

## III

For all of the reasons explained above, the Commissioner's Objections to the R&R (ECF No. 14) are **SUSTAINED**. Wisecup's motion for summary judgment (ECF No. 10) is therefore **GRANTED IN PART** to the extent it seeks a remand, the Commissioner's motion for summary judgment (ECF No. 11) is **DENIED**, and this action is **REMANDED** to the Commissioner for further administrative proceedings consistent with this Opinion and Order

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 12, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 12, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764